UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GREEN APPLICATIONS, LLC D/B/A FM                                    Plaintiffs
EXPRESSIONS

v.                                              Civil Action No. 3:22-cv-444-RGJ

J&JINDUSTRIES, LLC, D/B/A, LIVE                                    Defendants
WITH JORDAN, JORDAN HOURIGAN,
INDIVIDUALLY AND D/B/A LIVE WITH
JORDAN,

* * * * *

## MEMORANDUM OPINION & ORDER

Plaintiff and Counter-Defendant, Green Applications, LLC d/b/a FM Expressions ("FM Expressions") move to dismiss Defendants and Counter-Plaintiffs, J&J Industries, LLC d/b/a Live with Jordan ("J&J Industries") and Jordan Hourigan's ("Mr. Hourigan"), individually and d/b/a Live with Jordan, Counterclaim [DE 8], under Fed. R. Civ. P. 12(b)(6). [DE 10].[1] J&J Industries and Mr. Hourigan filed a Verified Motion for Extension of Time to File Response to Motion to Dismiss [DE 11] and FM Expressions filed a response objecting to same [DE 12]. For the reasons below, the Motion to Dismiss [DE 10] is **GRANTED** as set forth below.

## I.    BACKGROUND

FM Expressions sues J&J Industries and Mr. Hourigan for claims of breach of contract, promissory estoppel, and unjust enrichment, seeking judgment in the amount of no less than $213,373.75. [DE 1]. Mr. Hourigan filed an answer and counterclaim on behalf of himself and, pro se, on behalf of J&J Industries. [DE 8]. The Counterclaim states:

These defendants have been injured by the actions of Plaintiff in wrongfully
keeping our property and in causing loss of business, loss of revenue and other

---

[1] FM Expressions attached a memorandum of law in support of its motion to dismiss. [DE 10-1]. The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. See Local Rule 7.1. Going forward, Counsel is advised to file a unified motion.

harms caused directly or indirectly by the wrongfully [sic] actions of the Plaintiff, all to defendants [sic] detriment in measurable dollars far in excess of the jurisdictional limits of this Court.

[DE 8]. After FM Expressions filed it motion to dismiss under Fed. R. Civ. P. 12(b)(6), Mr. Hourigan filed a "Verified Motion for Extension of Time to File Response to Motion to Dismiss Counterclaim and/or Motion for Leave to File Amended Counterclaim." [DE 11]. In this motion, Mr. Hourigan states that he began seeking counsel after he was served with the summons and complaint, and continues this effort to obtain counsel. The Magistrate Judge held a status conference in this case on January 4, 2023 and ordered that J&J Industries obtain counsel by January 13, 2023. [DE 15]. The deadline has passed and J&J Industries has neither obtained counsel, nor filed a response to the motion to dismiss.

## II.    DISCUSSION

### B.    Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint, or counterclaim, if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint (or counterclaim) must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the pleading to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders

naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Although pro se counterclaims are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), courts are not required to "conjure up unpled allegations." *Killebrew v. Louisville Metro Department Of Corrections et al.*, No. 3:19-CV-P541-DJH, 2021 WL 3754550, at *1 (W.D. Ky. Aug. 24, 2021) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)). Indeed, pro se litigants are "not absolved of [their] duty to comply with the Federal Rules of Civil Procedure [to] provid[e] [d]efendants with 'fair notice of the basis for his claims.'" *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Burnett v. Grattan*, 468 U.S. 42, 506 (1984) (holding that pro se litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules"). Pro se litigants are still required to include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in their complaint. *Killebrew*, 2021 WL 3754550, at *1 (quoting Iqbal, 556 U.S. at 678). A counterclaim that "exclusively contains broad and conclusory allegations that [is] not

entitled to the assumption of truth." *Weber v. Metro Police Dep't Louisville, Ky.*, No. 3:14CV-715-DJH, 2015 WL 1143027, at *3 (W.D. Ky. Mar. 13, 2015).

**C. Analysis**

1. Pro Se Representation of Limited Liability Company

As an initial matter, J&J Industries has failed to retain counsel, in violation of this Court's order and despite the previous warning that a Limited Liability Company cannot represent itself. [DE 15]. It is beyond dispute "that a corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). "An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation." *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). This principle applies with equal force to a limited liability company. *See Surgical Sols., LLC v. Lance*, No. 18-cv-2125-SHM-tmp, 2018 U.S. Dist. LEXIS 93330, at *1 (W.D. Tenn. June 4, 2018); *Greenwood Holdings, LLC v. Meggitt Training Sys.*, No. 09-326-JBC, 2011 U.S. Dist. LEXIS 13892, at *1 (E.D. Ky. Feb. 11, 2011).

While the Court could analyze whether to dismiss J&J Industries' counterclaim for failure to prosecute under Fed. R. Civ. P. 41 or analyze whether the claim is abandoned for failure to respond to the motion to dismiss, the claim fails to meet the plausibility standard as set forth below and thus fails as a matter of law.

2. Plausibility

FM Expressions argues the counterclaim is not plausible and must be dismissed [DE 10]. The counterclaim makes the bare legal assertion that FM Expressions acted "wrongfully in keeping our property." [DE 8]. The counterclaim does identify the property, why the possession is wrongful, or when the wrongful possession occurred.  The counterclaim does not identify what

4

specific cause of action is alleged.  These allegations do not contain sufficient detail for the Court

to draft an inference in favor of the Defendants that FM Expressions is liable for the conduct

alleged and thus fails to pass the plausibility test or put FM Expressions on notice of the claim.

The Court thus grants the motion to dismiss on the basis of failure to plausibly plead the

counterclaim and provide notice.

### III.    CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1.      Plaintiff and Counter-Defendant, Green Applications, LLC d/b/a FM Expressions'

motion to dismiss [DE 10] is **GRANTED**;

2.      Defendants' and Counter-Plaintiffs' Counterclaim [DE 8] is **dismissed with
prejudice**;

3.      Defendant Jordan Hourigan's Verified Motion for Extension of Time to File

Response to Motion to Dismiss [DE 11] is **DENIED as moot**.

Rebecca Grady Jennings, District Judge
United States District Court

February 9, 2023

5